GOTTLIEB KANNE v. MINNEAPOLIS & ST. LOUIS RAILROAD COM-
PANY.[1]

May 22, 1908.

Nos. 15,647—(141).

**Verdict—Evidence.**

Evidence considered, and *held*, that it is sufficient to sustain the ver-
dict in favor of the plaintiff herein.

Action in the district court for Waseca county to recover $375, the
agreed amount of damages to plaintiff's land caused by failure to con-
struct and maintain a culvert. The case was tried before Buckham,
J., and a jury which returned a verdict in favor of plaintiff for $407.
From an order denying its motion for judgment notwithstanding the
verdict or for a new trial, defendant appealed. Affirmed.

*H. J. Peck* and *P. McGovern*, for appellant.

*Francis Cadwell* and *John J. Isker*, for respondent.

START, C. J.

This action was brought in the district court of the county of Wase-
ca to recover from the defendant the sum of $375 upon an alleged set-
tlement of the plaintiff's claim for damages which he had sustained
by reason of the flooding of his land by the defendant, which was due
to an insufficient culvert across its right of way. The answer denied
the alleged settlement. Verdict for the plaintiff for the amount claim-
ed, and the defendant appealed from an order denying its motion for
judgment or a new trial.

[1] Reported in 116 N. W. 470.

The only question presented for our decision by the record is whether there was any evidence to sustain the verdict. The evidence on the part of the plaintiff tended to show that he had been damaged as claimed and that the parties entered into an agreement, the defendant being represented by its assistant claim agent, whereby the claim for unliquidated damages was settled for $375, which the defendant promised to pay. The evidence on the part of the defendant tended to show that no unconditional settlement was ever made; that the matter was only settled upon condition that the plaintiff would execute a written contract, with reference to a new culvert, the terms of which were agreed upon; and, further, that the plaintiff subsequently refused to execute the written contract. The issue whether the settlement was absolute or conditional was submitted to the jury, and their finding on this issue cannot be disturbed, for the testimony of the plaintiff and the claim agent as to the contract was radically conflicting.

The defendant further claims that its claim agent had no authority to make any unconditional settlement of the matter. The evidence was sufficient to justify a finding by the jury that the plaintiff had no knowledge of any limitation on the authority of the claim agent in making the settlement, and that his acts in the premises were within the apparent scope of his authority. Upon consideration of the evidence, we hold that it is sufficient to sustain the verdict as to both claims made by the defendant.

Order affirmed.